IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                          ORDER

      v.                                        10-cr-83-bbc-01

AMADOR MONTIEL-PENA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Amador Montiel-Pena's supervised release was held on September 28, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Paul W. Connell. Defendant was present in person and by counsel, Associate Federal Defender Erika L. Bierma. Also present was U. S. Probation Officer Rhonda Frank-Loron.

From the record and defendant's stipulation to the charges, I make the following findings of fact.

FACTS

Defendant was sentenced in the District of Arizona on May 16, 2006, following his conviction for illegal reentry after deportation, in violation of 18 U.S.C. § 1326(a). He was

subject to a sentencing enhancement under 8 U.S.C. §1326(b)(1).  This offense is a Class C felony.  Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of time served, with a 36-month term of supervised release to follow.

On May 16, 2006, defendant began his term of supervised release. On May 19, 2006, he was deported from the United States.  On February 12, 2009, his supervised release was revoked after he entered the United States again.  He was sentenced to four months' imprisonment, to be followed by 24 months' supervised release.  On March 31, 2009, he was deported from the United States.

In March 2010, defendant violated Special Condition No. 1, prohibiting him from violating state, local or federal laws, and Special Condition No. 2, prohibiting him from reentering the United States without legal authorization.  On March 16, 2010, he was arrested by Immigration and Customs Enforcement agents.  On April 22, 2010, jurisdiction in this case was transferred from the District of Arizona to the Western District of Wisconsin.  On July 19, 2010, defendant entered a plea of guilty to illegal reentry (Western District of Wisconsin Case No. 10-cr-65-bbc-01).

Defendant's conduct falls into the category of a Grade B violation. Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervised release upon a finding of a Grade B violation.

CONCLUSIONS

Defendant's violations warrant revocation. Defendant's criminal history category is I. With a Grade B violation, defendant has an advisory guideline range of imprisonment of 4 to 10 months. The statutory maximum to which defendant can be sentenced upon revocation is two years, under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range. The intent of this sentence is to hold defendant accountable for the violation.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on February 12, 2009, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of two months with no supervised release to follow. The term is to run consecutively to the sentence imposed on defendant in 10-cr-65-bbc.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 28th day of September, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge